METROPOLITAN DISTRIBUTORS, INC., Plaintiff, *v.* ELIZABETH V. HYNDSMAN, Individually and as Administratrix of the Estate of WILLIAM T. HYNDSMAN, Deceased, Defendant.

Supreme Court, Special Term, New York County, November 13, 1951.

*Garfield, Shumate & Schaff* for plaintiff.

*Abraham H. Steinberg* for defendant.

EDER, J. Motion for stay denied. Cross motion to dismiss complaint is granted.

Motions Nos. 541 and 838 are considered together.

The defendant heretofore sued the plaintiff in this court to recover damages for the wrongful death of William T. Hyndsman. After trial the jury returned a verdict for plaintiff in the sum of $25,000. This was, by consent, reduced to $20,000, and it was further stipulated as part of the agreement that the judgment would be paid and no appeal would be taken. Judgment was thereafter entered, which contained a provision that defendant herein — the plaintiff in that suit, have execution therefor.

The plaintiff herein now moves (motion No. 541) to stay defendant herein from issuing execution for the collection of said judgment, pending the trial, and determination of the issues involved in the instant action, which is brought to vacate the stipulation upon which said judgment was entered; that the judgment be declared fraudulent and void and defendant be perpetually restrained from taking any proceedings to enforce it, and that said judgment be vacated and cancelled.

The theory and basis of this action is that the afore-mentioned action brought by defendant, which was brought by her as administratrix of the estate of the said decedent, was predicated upon the false and fraudulent allegation that she was the lawful widow of the said deceased; that in applying to the Surrogate's Court for and obtaining appointment as such administratrix she made such false and fraudulent representation to the Surrogate; that following her appointment as administratrix, she, in that capacity, brought suit against the plaintiff herein and in her complaint in said death action falsely and fraudulently alleged the deceased left him surviving defendant herein, as his wife as next of kin, and, also, a son, William A. Hyndsman.

It is alleged by plaintiff that sometime subsequent to February 17, 1950, the date on which the stipulation was entered into, plaintiff discovered for the first time that defendant was not the lawful widow of the said deceased; that thereupon plaintiff moved to set aside the verdict, to vacate said stipulation, to vacate the judgment and for a new trial on the ground of newly discovered evidence, fraud and misrepresentation. The court, after due consideration, denied the motion to vacate the stipulation of settlement and to set aside the verdict; upon motion for reargument the original decision was adhered to. Upon both motions opinions were written by the court over-

ruling all contentions made by plaintiff herein. Upon appeal taken by plaintiff from such decisions against it, the Appellate Division affirmed the same (278 App. Div. 919), and denied motion for reargument (278 App. Div. 941). An appeal taken to the Court of Appeals was dismissed for want of jurisdiction over the matters appealed from (303 N. Y. 615).

Thereupon this action was brought to obtain the basic relief prayed for, and which, as mentioned, was denied when sought to be obtained by means of motion.

The defendant herein now cross-moves (Motion No. 838) for an order dismissing the complaint upon the ground that the prior determination made upon the afore-mentioned motion to vacate the said stipulation and judgment denying said application is *res judicata* and bars the maintenance of this action; also, upon the grounds that this court has no jurisdiction of the subject matter of the action, and, further, that the complaint does not state facts sufficient to constitute a cause of action.

It must follow that if the claim of *res judicata* is sound, that it is a bar to the maintenance of this action, and sufficient to require the denial of the motion for the stay sought.

It is the view of this court that the prior determination of the court denying the plaintiff's motion to vacate the stipulation and judgment constitutes *res judicata* and bars plaintiff's right to maintain this action.

Plaintiff herein had a choice of remedies in that regard; to bring a formal plenary suit or to seek relief by summary procedure, in the manner it did, in the form of a motion.

In either respect the court possessed jurisdiction to pass upon and determine the subject matter. It heard and determined the application on the merits; it resolved the basal issue in favor of defendant herein and against this plaintiff; the determinations were affirmed on appeal. The order has the effect of a judgment; upon affirmance by the Appellate Division and subsequent dismissal of the appeal by the Court of Appeals, the order became a final determination and bars plaintiff herein from again litigating the same issues and subject matter.

It may be remarked, *inter alia,* that there is no allegation made, in the complaint, or otherwise, that the decree of the Surrogate's Court appointing defendant herein said administratrix, upon application as widow of the deceased has been revoked; it is apparently in full force and effect.

It is somewhat difficult to perceive what standing plaintiff has to assail the right of the defendant to institute and main-

tain the action she brought as such administratrix, assuming, *arguendo,* she was not the lawful wife and widow of the deceased.

She was not suing in an individual capacity; she sued in a representative capacity as administratrix; any recovery was in her representative capacity; any sum recovered was for the estate and the benefit thereof to be distributed to those entitled thereto. She did not require relationship to the deceased as a condition precedent to appointment as administratrix; any one deemed fit for the office could have been appointed. It is thus quite immaterial so far as her right to appointment as administratrix was concerned whether she was decedent's lawful wife and widow.

So far as the plaintiff herein is concerned she was vested, upon her appointment, as administratrix, with the legal capacity to sue; any payment to her in satisfaction of the settlement or judgment was a complete protection to the plaintiff as the defendant and judgment debtor; payment to her as administratrix satisfied the judgment and released and discharged the plaintiff as defendant in that action.

Regarding distribution of the proceeds of the judgment, whether defendant herein was entitled to participate in the distribution and share therein as widow of the deceased, is a matter which should be and is none of the plaintiff's concern. Its obligation and duty will be fulfilled and performed and discharged upon payment of the judgment to the administratrix, and it has no further interest or right to concern itself from that point on.

If the defendant herein obtained her appointment as administratrix through fraud and fraudulent representation, the matter is for the Surrogate and not for the plaintiff.

The court is unable to see that plaintiff herein has any maintainable cause of action upon the facts alleged in the complaint, or, indeed, any legal capacity to sue, irrespective of the point that the doctrine of *res judicata* is a conclusive bar to plaintiff's right to maintain the action.

For the reasons stated, the cross motion to dismiss the complaint herein is granted, and it follows, in consequence, that plaintiff's motion for a stay must be denied. Settle order.