Arthur G. Klein, J.
This action was tried without a jury. Both parties waived findings of fact and conclusions of law. The plaintiff, Lucy D. Welsh, has brought the action pursuant to limited letters of administration issued to her for the purpose of prosecuting this action as the administratrix of the estate of George T. Welsh, deceased. The action has been brought pursuant to section 130 of the Decedent Estate Law to recover damages for the alleged wrongful death of the decedent, claimed to have been caused by the negligence of the defendant, Surface Transportation Corporation of New York.
It is the plaintiff’s claim that on April 27, 1948, at about 11 o’clock at night, while decedent was crossing Third Avenue or the Bowery, as it is called, near Great Jones Street, he was struck by a bus owned by the defendant and operated by its employee and that his death occurred as a result of the injuries he sustained. Plaintiff claims that the injuries and the death of the decedent were caused solely by the negligence of the defendant bus company acting through its employee, the driver of the bus. The bus was proceeding southerly on the Bowery.
Plaintiff testified that she was standing on the southeast corner of Third Street and the Bowery, that the deceased was crossing Third Avenue from west to east and that she saw the bus strike him and that he was thrown about 10 feet. The record of the hearing in the Vehicle Homicide Court (Magistrates’ Court) was received in evidence. At that hearing, one Abbott McCluney testified for the People that he saw the bus strike the deceased. He further testified that the bus was proceeding against a red light for southbound traffic. He testified, as did the plaintiff, that when the bus hit the deceased the latter was thrown 10 feet.
At the Magistrates’ Court hearing, one Roosevelt Rynes, who was with the plaintiff and the deceased on the night of the accident, testified that he saw the bus hit the deceased. He *169 testified that the deceased was standing on the sidewalk on the west side of Third Avenue, apparently waiting for the traffic light to change to red for north- and southbound traffic so that he could cross from the west side to the east side of the avenue. I do not consider that some of the answers in the testimony of both McCluney and Rynes which appear to be at variance with the testimony I have outlined are of sufficient importance to change the clear meaning of their testimony.
The defendant relies heavily on testimony given by Roosevelt Rynes at the hearing in the Magistrates’ Court that he had told the police at the scene of the accident that about 14 young white boys had ‘ ‘ mugged ’ ’ the deceased, the plaintiff and himself, and had beaten up this witness. At the same hearing a police department detective named Powers, who was also called as a witness at the trial of this action, testified that the plaintiff and Rynes told him that they and the deceased were involved in a mugging. He testified that they said there was a fight in the roadway between about 10 or 14 white boys and themselves. He admitted at the hearing that they said the fight was some time previous to the accident. Rynes had previously testified that about an hour elapsed between the mugging and the accident. The police department complaint report states that the plaintiff and Rynes were questioned and they both stated that about 10 or 12 white boys set upon them and the deceased; that they saw the deceased being hit and knocked down and that they did not see him get up " but he might have been hit by bus ”, they did not know. If any weight whatever can be given to the testimony concerning an alleged mugging, it is completely overcome by the testimony of the medical examiner on the trial of this action. He testified emphatically and unequivocally that the nature of the injuries which caused the death of the decedent was definitely consistent with those usually sustained by being struck by a heavy vehicle. He stated that an injury suffered by mugging or even by a severe beating could not in his opinion cause the extensive crushing and fatal injuries to the decedent. The conclusion is inescapable that the deceased was struck by the defendant’s bus.
The operator of the bus, Henry Eldridge, was called as a witness by the defendant. He testified that he was proceeding south on Third Avenue and stopped at Fourth Street to discharge a passenger. He testified that there was a traffic light at Third Street, and that it was green in his favor. He testified further that he saw an overturned pushcart on the southbound car track, along which he was proceeding, and a “ carton ” box lying further on along the same track, and that he turned or *170 swerved to Ms left to avoid hitting the pushcart or the box. After he had passed them he said he was pulling back onto the tracks, when he saw what he thought was a bundle lying on the. tracks. He said he again turned or swerved to his left, but as he passed the object he saw it was a man. He testified he brought his bus to a stop in the northbound lane of traffic alongside the man, and went' to phone the police, and that his bus did not come in contact with the man. His testimony at the trial is incredible in the light of the testimony of Detective Powers at the hearing in the Motor Vehicle Accident Part that Eldridge stated to him at the time of the accident that he, Eldridge, was not sure whether he had missed the man or not. The testimony at the trial clearly indicates, and I so find, that the death of George T. Welsh was caused by his being struck by the bus owned and operated by the defendant.
The defendant argues that the plaintiff Lucy D. Welsh is not a proper party to this proceeding since she was never married to deceased. There is no force to this argument. By virtue of the limited letters of administration issued to her by the Surrogate’s Court, she has legal capacity to prosecute this action (Matter of Pridell, 206 Misc. 316; Metropolitan Distributors v. Hyndsman, 201 Misc. 1045, affd. 279 App. Div. 786; Decedent Estate Law, § 130 et seq.).
The amounts which will be allocated to the various persons entitled to share as distributees in the sum recovered in this action by the plaintiff under the limited letters issued to, her by the Surrogate’s Court of this county must be determined by that court pursuant to section 252 of the Surrogate’s Court Act. The plaintiff testified under oath in this action that she was married to George T. Welsh in Vienna, Georgia, in 1936, and that the marriage ceremony was performed by the Eev. Holden in the Macedonian Baptist Church in that place. Even if the force of her testimony may be considered somewhat weak, due to her failure to produce documentary proof of this marriage, or even if in fact no ceremonial marriage ever was entered into between the parties, there is additional proof that they lived together as husband and wife in Freehold, N. J., from 1936 to 1939. Common-law marriages were recognized in New Jersey during those years. A common-law marriage valid in another State will be recognized in the State of New York as a valid marriage (Matter of Burke, 143 Misc. 268).
Taking into account the age of the deceased at the time of his death, namely 42 years, together with testimony concerning his earmngs, the amount which he contributed to the support of the plaintiff, and the further fact that he had contributed *171 some moneys to Ms mother prior to his demise, as well as the amount of the funeral hill as stipulated on the trial, the court awards to the plaintiff as damages in this action the sum of $12,500, with interest from the date of death, April 27, 1948.
The foregoing constitutes the decision of the court in tMs cause. All motions upon which decision was reserved are demed with appropriate exceptions. The defendant may have a 30-day stay and 60 days to make a case.